[Cite as *In re Dembie*, 2012-Ohio-4851.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IN RE:    HOLLY M. DEMBIE

DIEDRE ASHMUN

CHERYL L. FOLDES

　　　　　Applicants

Case No. V2012-70131

Commissioners:
Susan G. Sheridan, Presiding
William L. Byers IV
E. Joel Wesp

ORDER OF A THREE-
COMMISSIONER PANEL

{¶1} On October 6, 2011, the applicants filed a compensation application as the result of the murder of Holly Dembie which occurred on August 11, 2011. On January 24, 2012, the Attorney General issued a finding of fact and decision determining that the applicants met the necessary jurisdictional requirements to qualify for an award of reparations. Applicant, Diedre Ashmun, was granted an award in the amount of $7,500.00 which represented the maximum award for funeral expense reimbursement pursuant to R.C. 2743.51(N)(1). Applicant's, Cheryl Foldes, claim for counseling expenses pursuant to R.C. 2743.51(F)(2) was denied since Ms. Foldes did not qualify as an immediate family member pursuant to R.C. 2743.51(W). The Attorney General was unable to calculate Ms. Foldes' claim for work loss to attend criminal proceedings. Applicant's Foldes claim for crime scene cleanup expenses was denied because she failed to submit supporting documentation to prove she suffered this loss. Finally, claims for dependent's economic loss and dependent's replacement services loss filed on behalf of the decedent's minor child were denied since the child was receiving

benefits from both Dearborn National Insurance and School Employees Retirement System, and no evidence was presented to prove dependent's economic loss or dependent's replacement services loss exceeded the benefits already received from these readily available collateral sources.

{¶2} On February 8, 2012, applicant, Cheryl Foldes, submitted a request for reconsideration. Applicant submitted an itemized list of cleaning supplies used to clean the crime scene. On February 24, 2012, the Attorney General rendered a Final Decision granting applicant, Cheryl Foldes, an award for $43.70, which represented crime scene cleanup expenses.

{¶3} On March 23, 2012, applicant, Cheryl Foldes, filed a notice of appeal from the February 24, 2012 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on June 20, 2012 at 10:10 a.m.

{¶4} Associate Assistant Attorney General Heidi James appeared on behalf of the state of Ohio. The applicant, Cheryl Foldes, did not attend the hearing.

{¶5} The Attorney General made a brief statement for the panel's consideration. The only issue on appeal is whether the applicant, Cheryl Foldes incurred additional crime scene cleanup expenses, namely her labor costs of $13.00 per hour for 10 hours of work.

{¶6} The Attorney General awarded the applicant $43.70 for cleaning supplies used to clean the crime scene, but asserts that the applicant has not incurred the additional labor costs she seeks.

{¶7} Upon questioning by the commissioners, the Attorney General conceded that if the applicant would have hired a third party to do the cleaning that cost would have been compensated. The Attorney General also conceded that if the applicant had entered into a written contract with her sister (not a professional crime scene cleaning technician), the Attorney General would have paid pursuant to the contract. The Attorney General reiterated the position that one cannot contract with one's self.

**{¶8}** The Attorney General noted that there is no prohibition with regard to reimbursement of labor or services performed for the benefit of one's self, but in the case at bar the applicant has not provided sufficient evidence to meet her burden of proof. Whereupon, the hearing was concluded.

**{¶9}** R.C. 2743.51(T)(2) states:

    a.      "(T) 'Cost of crime scene cleanup' means any of the following:

    b.      "(2) Reasonable and necessary costs of cleaning the scene and repairing, for the purpose of personal security, property damaged at the scene where the criminally injurious conduct occurred, not to exceed seven hundred fifty dollars in the aggregate per claim."

**{¶10}** Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

**{¶11}** Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

**{¶12}** From review of the case file and upon full and careful consideration given to the argument of the Attorney General, we find the applicant has failed to prove, by a preponderance of the evidence, that she incurred additional crime scene cleanup expenses.

**{¶13}** However, we do not accept the argument of the Attorney General that economic loss may only be incurred if an applicant is legally obligated to pay a third person: to do so would ignore a long line of cases starting with *In re Mitchell*, V78-3169sc (8-8-81); *In re Fritzpatrick*, V80-37046sc (5-12-82); *In re Amos*, V82-46107sc (7-8-83); *In re Visnich*, V81-52570sc (6-23-83) to name a few. While those cases were decided pursuant to R.C. 2743.51(J), dependent's replacement services loss, they stand for the proposition

that an award can be based on a quasi-contract. A person who voluntarily agrees to care for children not their natural issue, as the result of the death of their parents, could receive an award for the services rendered based upon the lesser of their wages earned or what it would cost to hire a third person to care for the children. In this scenario, the care provider would submit evidence concerning their income and information detailing the charges care providers in the area would charge for the cost of care to the children in question. This would allow individuals who could not afford to hire third party care givers to be compensated for their time in furnishing needed services to children.

{¶14} In the case at bar, if applicant had submitted the cost charged by third parties to perform the same labor she did and provided her current hourly wage, crime scene cleanup costs may have been able to be determined, based on a quasi-contractual formula.

{¶15} However, as stated above, the applicant failed to meet her burden of proof to establish she incurred crime scene cleanup costs by a preponderance of the evidence. Therefore, the Final Decision of the Attorney General is affirmed.

{¶16} IT IS THEREFORE ORDERED THAT

{¶17} The February 24, 2012 decision of the Attorney General is AFFIRMED;

{¶18} This claim is DENIED and judgment is rendered for the state of Ohio;

{¶19} This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶20} Costs are assumed by the court of claims victims of crime fund.

_____
SUSAN G. SHERIDAN
Presiding Commissioner

_____
WILLIAM L. BYERS IV
Commissioner


_____
E. JOEL WESP
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2012\June - Sept 2012\V2012-70131 Dembie.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Lorain County Prosecuting Attorney and to:

Filed 8-1-12
Jr. Vol. 2283, Pgs. 139-143
Sent to S.C. reporter 10-18-12